### In re CARLTON.
#### No. 12766.

District Court, S. D. Ohio, W. D.
June 28, 1938.

Maurice A. Thon, of Cincinnati, Ohio, for bankrupt.

Andrew W. Kops, of Cincinnati, Ohio, for Household Finance Corporation.

DRUFFEL, District Judge.

This matter comes before the court on objection and exceptions to the report of William J. Kuertz, Special Master, in re Gillie Carlton, Bankrupt.

The exceptions are taken by the Household Finance Corporation, and are based on a claim that Gillie Carlton obtained a loan by false and fraudulent statements, and that the Special Master is in error in holding contrary.

From a review of the record it appears that on March 25, 1936, Gillie Carlton obtained a loan from Household Finance Corporation and as a preliminary thereto filed a Household Finance statement as follows:

"Financial Statement
"State of Ohio
"County of Hamilton Co. } ss.

"Gillie E. Carlton, Ada Carlton, being first duly sworn, on oath say that they have

applied to Household Finance Corporation for a loan of $100.00 for 20 months, and for the purpose of showing his, her or their ability to repay the same and inducing Household Finance Corporation to make said loan, do solemnly state, affirm, represent and warrant to Household Finance Corporation that the following is a full, complete and true list of all of his, her or their indebtedness and liabilities on 3-25-1936 and that the respective amounts are correctly stated (if none, so state) and that the same is true of his/her/their own knowledge:

| | |
|---|---:|
| Leeds Clo. | $22.36 |
| Greenwald Co. | 7.95 |
| John Toepfer | 12.70 |
| Harry Feldman | 13.41 |
| S. Tennebaum | 2.75 |
| Total | $59.17 |

"These debts to be payed by this loan.
"(Signed)  Gillie E. Carlton
"Ada Carlton"  (Ex. 3)

From the record it also appears that on that day he actually owed $840.85. The Special Master held that because of the words "These debts to be payed by this loan" that the bankrupt believed he was merely listing creditors whom he wished to pay off with the loan; that he was not representing by this statement that these five creditors constituted all of his creditors or that the balance owing to them constituted all of his indebtedness; that the objecting creditor failed to prove by a preponderance of the evidence the claim of the objections set forth in the specifications.

Section 14, sub. c(3), National Bankruptcy Act, 11 U.S.C.A. § 32 sub. c(3), reads as follows: "The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition."

From the record it definitely appears that Carlton owed $840.85 on the day he filed the statement indicating he owed $59.-17. Carlton knew this and the manager of the Household Finance Corporation, O'Neal, did not, and Carlton concealed it from him.

 The language of the statement is plain and unambiguous and Carlton is not relieved from its application, notwithstanding his claim that he did not read it, and notwithstanding the fact that O'Neal dictated the additional writing on the statement, "These debts to be payed by this loan." It is conceded by all the parties that the actual facts as given by Carlton on the statement were at variance with the facts as he knew them and under the circumstances it appears to the court that instead of the burden being placed on Household Finance Corporation to show the statement was fraudulent, the burden should have been placed on Carlton to absolve himself from fraud and misrepresentation. Under the circumstances it appears to the court that Carlton has failed to absolve himself from the allegations of fraud as shown by the record, and by reason thereof exceptions to the Special Master's report must be sustained and the discharge in bankruptcy of Gillie Carlton denied.